CHIEF JUSTICE TURNAGE
dissenting.
¶33 I respectfully dissent. The majority opinion holds that § 61-8-303(1), MCA, is void for vagueness on its face and in violation of the Due Process Clause of Article II, Section 17, of the Montana Constitution. Section 61-8-303(1), MCA, states:
A person operating or driving a vehicle of any character on a public highway of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to the view ahead. The person operating or driving the vehicle shall drive the vehicle so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.
¶34 This important statutory provision of our motor vehicle traffic regulations has been the law of Montana since it was enacted by the legislature in 1955 as Section 41, Chapter 263,1955 Session Laws of Montana. This important traffic regulation has remained unchanged as the law of Montana (with the exception of a minor gender change by the legislature in 1995) since that time.
¶35 Appellant Rudy Stanko challenged this statute as being unconstitutional in 1998 because of vagueness. Apparently for the past forty-three years, other citizens driving upon our highways had no problem in understanding this statutory provision.
¶36 Section 61-8-303(1), MCA, is not vague and most particularly is not unconstitutional as a denial of due process. Therefore, I dissent.